UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| United Government Security Officers of America International Union and United Government Security Officers of America International Union Local 273B,<br><br>　　　Plaintiffs,<br><br>　　　v.<br><br>Paragon Systems, Inc.,<br><br>　　　Defendant | USDC Case No.　1:21-cv-137 |

**COMPLAINT**

　　　1.　　This is a claim to enforce the back pay portion of a labor arbitrator's final and binding award, brought pursuant to Section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185(a), 28 U.S.C. § 1337, and this Court's original and statutory jurisdiction.

　　　2.　　The Plaintiff United Government Security Officers of America International Union ("UGSOA") is a labor organization within the meaning of 29 U.S.C. §§ 185(a) and 152, with a principal place of business in East Wareham, Massachusetts.  The Plaintiff United Government Security Officers of America International Union Local 273B ("Local 273B") is a labor organization within the meaning of 29 U.S.C. §§ 185(a) and 152 which operates in New Hampshire and Maine.  Through Local 273B, the UGSOA serves as the collective

bargaining representative of a unit of protective security officers ("PSOs") who work for the Defendant in various federal buildings and offices in New Hampshire.

3. The Defendant, Paragon Systems, Inc. ("Paragon"), is an Employer in an industry affecting commerce and is engaged in commerce within the meaning of 29 U.S.C. §§ 185(a) and 152(6) and (7), with a principal place of business in Herndon, Virginia. Paragon is a contractor of the federal government and employs PSOs to work at various federal facilities and installations, including some located in New Hampshire.

4. Venue within this judicial district is appropriate under 28 U.S.C. § 1391(b)(2) insofar as all of the events or omissions giving rise to the claim occurred in New Hampshire.

5. The UGSOA, Local 273B and Paragon are parties to a collective bargaining agreement ("CBA") that provides for arbitration of disputes arising thereunder. A true and accurate copy of that CBA is attached to this Complaint as Exhibit 1.

6. Pursuant to their CBA, the UGSOA, Local 273B and Paragon participated in an arbitration proceeding before Arbitrator James Atleson concerning the January 2018 discharge of bargaining unit member Derek Climo ("the Grievant"). At the arbitration, the parties were afforded a full and fair opportunity to adduce evidence in support of their respective positions.

7. The parties, by means of a stipulation, authorized the Arbitrator to decide two issues: Was the discharge of the Grievant in violation of Article 19 of the party's collective bargaining agreement? If so, what shall be the remedy?

8. On October 31, 2018, the Arbitrator issued his award, a copy of which is attached to the Complaint as Exhibit 2.

9. In a written decision accompanying his Award, the Arbitrator wrote that "while I do not find there was just cause for termination, I find that there is just cause for some discipline." Exhibit 2, p. 15. In his Award, the Arbitrator ruled as follows:

> The Grievant shall be deemed to have been suspended for two weeks *and shall receive back pay for the remainder of the period he has (sic) disciplined until he is reinstated*. Other than the two weeks, which shall be deemed the period of suspension, the remainder of that period he has not worked shall be considered part of the Grievant's seniority."

Exhibit 2, p. 17 (emphasis added).

10. Since the issuance of the Award, Paragon has filed no legal action to vacate it.

11. Following the Award, Paragon did not immediately reinstate the Grievant, although the UGSOA and Local 273B demanded that it promptly do so and the Grievant was ready, willing and able to return to his position. Rather, at some point following the issuance of the Award, the Federal Protection Service ("FPS"), a bureau within the United States Department of Homeland Security, undertook a "contractor fitness determination" with respect to the Grievant. The Grievant cooperated with all of Paragon's

instructions related to the Arbitrator's reinstatement order, including completing all steps related to the FPS contractor fitness determination. At all such times, the Grievant was ready, willing and able to accept reinstatement to his position.

12. On or about October 31, 2019, the Grievant was informed that the FPS had completed its "contractor fitness determination" and found him ineligible for assignment as a PSO with the FPS. On or about September 16, 2020, Climo's timely appeal of that determination was denied.

13. To date, Paragon has failed and refused to comply with the back pay portion of the Award. The UGSOA and Local 273B maintain that back pay is owed until October 31, 2019, the date the Grievant was informed that the FPS had completed its "contractor fitness determination" and found him ineligible for assignment as a PSO with the FPS. The plaintiffs calculate that from the date of the end of his arbitrally-ordered replacement two-week suspension, through October 31, 2019, the amount of back pay owed under the Award totals approximately $101,000.000. The UGSOA and Local 273B have informed Paragon of this calculation and the basis for same, but to date Paragon has neither paid the sum nor disputed its accuracy.

14. The back pay portion of the Award is an enforceable contractual obligation without regard to whether Paragon has been relieved of its reinstatement duty under the Award by virtue of the since-affirmed October 2019 determination of the FPS that the Grievant is ineligible to be assigned to an FPS facility.

**WHEREFORE**, the Plaintiffs UGSOA and Local 273B respectfully requests that this Court either:

A. Enter Judgment enforcing the back pay portion of the Arbitrator's Award; or

B. Remand this matter back to Arbitrator Atleson for resolution of the amount of back pay owing to the Grievant under his Award.

        Respectfully submitted,

        On behalf of the United Government Security Officers of America International Union and United Government Security Officers of America International Union Local 273B,

        By their attorneys,

        */s/ James F. Lamond*
        James F. Lamond (NH BBO #17538)
        McDonald Lamond Canzoneri
        352 Turnpike Road, Suite 210
        Southborough, MA 01772-1756
        (508) 485-6600
        jlamond@masslaborlawyers.com

Date:  February 10, 2021